IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
FILED
October 17, 2006
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JOHN H. GARNER | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | § |
| | § Civil Action No. 3:05-CV-1029-R |
| MBNA AMERICA BANK, N.A., | § |
| | § |
| *Defendant*. | § |
| | § |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiff John H. Garner's Memorandum of Law in Support of the Motion to Reconsider Order Confirming Award and for Summary Judgment and his Declaration in Support of Motion to Reconsider Order Confirming Award and Summary Judgment (Dkt. Nos. 49-50). Also before the Court is Garner's Notice of Motion to Enlarge Time to Permit Plaintiff to file his Motion to Reconsider (Dkt. Nos. 53-55). Plaintiff filed this Notice one month after filing his Motion to Reconsider. The Court GRANTS Garner's Motion to Enlarge Time, but as discussed below, the Court **DENIES** John H. Garner's Motion to Reconsider on the merits.

### I. BACKGROUND

This case concerns a billing dispute pertaining to a line of credit between Plaintiff, John H. Gardner and Defendant, MBNA America Bank, N.A. (MBNA). On August 14, 2006, this Court issued a Memorandum Opinion and Order (Dkt. No. 48) granting in part and denying in part MBNA's motion for summary judgment and denying Garner's Motion to Compel. The Order granted MBNA's motion to confirm the arbitration award finding that although Garner timely

moved to vacate the award, Garner waived any objection to arbitrability because of his participation in and lack of a formal objection to the proceedings. The Order further granted MBNA's motion for summary judgment on Plaintiff's breach of contract claim because Plaintiff affirmed the contract through his participation in the arbitration. Additionally, the Order denied MBNA's motion for summary judgment on Plaintiff's Truth-in-Lending Act claim because there is a genuine issue of material fact regarding whether Garner filed a timely claim regarding MBNA's failure to take corrective action on the disputed billing. Garner's procedural due process claim was dismissed because of a failure to state a claim given that private parties are not subject to liability based on due process claims. (See *Downs v. Liberty Life Assurance Co. of Boston*, 2005 WL 2455193*5 (N.D. Tex. 2005) (citing *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 196 (1989)). Lastly, Garner's motion to compel was denied because the motion to compel concerned the arbitration award, which has been dismissed.

September 11, 2006, Garner filed a motion to reconsider the Memorandum Opinion and Order (Dkt. No. 49) discussed above. Garner argues that he did not waive his right to challenge arbitrability because he "clearly and explicitly reserves the right to object to arbitrability"[1] by filing an objection to the arbitration. Garner also argues that he did not waive his breach of contract claim because he never clearly participated in the arbitration, he did not waive his right to challenge arbitrability, and therefore did not waive his right to raise a breach of contract claim.

On September 22, 2006, MBNA filed an Objection and Reply to Plaintiff's Motion for Reconsideration (Dkt. No. 52). MBNA challenges Plaintiff's Motion for Reconsideration procedurally under Fed. R. Civ. P. 59 and 60(b). MBNA also argues that Garner's submissions as

---

[1] See *Opals on Ice Lingerie, Designs by Bernadette, Inc. v. Bodylines, Inc.*, 320 F.3d 362 (2d Cir. 2003).

part of his Motion to Reconsider (Dkt. No. 49) are untimely, not authenticated, and irrelevant (Dkt. No. 52, page 3). MBNA argues that Garner has no grounds for requesting relief and Garner waived his objection to arbitrability.

## II. ANALYSIS

The Court considered Garner's Motion to Reconsider, MBNA's Objection and Reply, and the applicable legal authorities. The Court believes its prior rulings were correct and finds no grounds to reconsider the Court's previous findings: (1) that MBNA's motion to confirm arbitration award is granted; (2) that the arbitration award issued January 14, 2005 is confirmed; (3) that MBNA's motion for summary judgment on Garner's breach of contract claim is granted; (4) that MBNA's motion for summary judgment on Plaintiff's Truth-in-Lending Act claim is denied; (5) that Garner's due process claim is dismissed; and (6) that Garner's motion to compel is dismissed.

The Court's prior ruling is unaffected by Garner's September 14, 2006, objection to the arbitration proceeding. "A motion for reconsideration is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Fisher v. Halliburton*, 2005 WL 2001351 *1 (S.D. Tex. 2005) (quoting *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). A motion for reconsideration is examined under Rule 59(e) if the motion was filed with 10 days of the order or under 60(b) if the motion was not filed until 30 days after the Court's order. See *Trust Co. Bank v. U.S. Guypsum Co.*, 950 F.2d 1144, 1147 (5th Cir. 1992) (citing *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991)); *see also Pryor v. U.S. Postal Service*, 769 F.2d 281, 285 (5th Cir. 1985). In order to successfully argue a Rule 60(b) motion based on new evidence, "the movant must demonstrate (1) that it exercised due

diligence in obtaining the information and (2) the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Provident Life and Accident Ins. Co. v. Goel*, 274 F.3d 984, 999 (5th Cir. 2001). Although Garner presents as an exhibit to his Motion for Reconsideration (Dkt. No. 49), he cannot meet the necessary requirements of 60(b)(2). He did not present this piece of evidence before the Court's August 14, 2006, Order (Dkt. No. 48). Therefore, the evidence submitted by Garner does not affect the Court's prior ruling.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Reconsider is hereby **DENIED**.

It is so ORDERED.
ENTERED: October 17, 2006.

*Jerry Buchmeyer*

_____
JERRY BUCHMEYER,
SENIOR U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS