IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | § | |
|---|---|---|
| **JOHN H. GARNER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **CIVIL ACTION NO. 3:05-CV-1029-O** |
| | § | |
| **MBNA, NA,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

On August 21, 2008, the Court held a show cause hearing on this matter regarding Plaintiff's failure to comply with the Court's orders. Plaintiff failed to appear. The Court now considers whether Plaintiff's remaining claims should be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

**I. BACKGROUND**

This case arises out of a billing dispute between Plaintiff, John H. Garner, and Defendant, MBNA America Bank, N.A. ("MBNA") concerning a line of credit. The parties entered into a written agreement whereby MBNA opened a line of credit for Garner, and he agreed to pay monthly billings. The agreement between the parties contained a binding arbitration provision.[1] Thus, when a billing dispute later arose between the parties MBNA filed suit in the National Arbitration Forum. The arbitration panel ultimately found in favor of MBNA, and on January 14, 2005, it awarded $23,777.69 plus interest. After receiving notice of the award, Plaintiff filed suit

---

[1] Plaintiff disputes this fact, but other than his own affidavit, he has no other evidence to refute the form contract provided by Defendant. *See* Doc. No. 48 (3:05-CV-01029-O) (N.D. Tex. Aug. 14, 2006) ("Memorandum Opinion and Order" at pp. 1-2, n.1, n.2).

-1-

in state court on April 6, 2005 seeking to vacate the arbitration award. Specifically, Plaintiff pleaded a breach of contract and violation of due process arising from MBNA's act of referring the dispute to arbitration. Additionally, Plaintiff pleaded a violation of the federal Truth-in-Lending Action, 15 U.S.C. §1601 *et seq.*, based on allegations that MBNA failed to respond to a billing inquiry regarding his December 2003 statement of account. *See* Doc. No. 1 (3:05-CV-1029-O) (N.D. Tex. May 19, 2005) (Def's Notice of Removal at Ex. A).

On May 19, 2005, MBNA removed Plaintiff's suit to this Court based on federal question jurisdiction. *Id.* On October 4, 2005, MBNA filed its motion for summary judgment and motion to confirm th arbitration award against Plaintiff. *See* Doc. No. 16 (3:05-CV-1029-O) (N.D. Tex. Oct. 4, 2005). Plaintiff filed a response in opposition. Doc. No. 25, 26 (3:05-CV-1029-O) (N.D. Tex. Oct. 18, 2005). On August 14, 2006, this Court entered its revised Memorandum Opinion and Order granting MBNA's motion to confirm the arbitration award, and granting MBNA's motion for summary judgment on Plaintiff's breach of contract claim. Doc. No. 48 (3:05-CV-1029-O) (Aug. 4, 2006). The Court further dismissed Plaintiff's procedural due process claim for failure to state a cause of action. *Id.* Based on the Court's rulings, the arbitration award issued on January 14, 2005 in favor of MBNA in the amount of $23,777.69 is confirmed. *Id.* Plaintiff's claim under the Truth-in-Lending Act remained pending for trial.

On August 4, 2006, the Court entered a scheduling order setting the case for trial on February 5, 2007. Doc. No. 47 (3:05-CV-1029-O) (N.D. Tex. Aug. 4, 2006). On January 26, 2007, the Court entered an Amended Scheduling Order resetting the case for trial on the April 2007 docket. Doc. No. 74 (3:05-CV-1029-O) (N.D. Tex. Jan. 26, 2007). The parties filed witness and exhibit lists, pretrial disclosures, proposed jury instructions on March 16, 2007 and March 19, 2007. *See id.*, Doc. Nos. 78-84. On April 4, 2007, Plaintiff filed a motion for

continuance representing that the parties had engaged in settlement discussions and "were 'within 90 percent' of reaching a settlement; with both parties agreeing that only minor details needed to be worked out." *See* Doc. No. 90 (3:05-CV-1029-O) (N.D. Tex. Apr. 4, 2007) (Mot. at 1). Plaintiff further represented that he expected to finalize the settlement in 90 to 120 days. (Mot. at 2). On August 1, 2007, the Court entered an order granting Plaintiff's motion for continuance and ordered the parties to report regarding the status of the settlement within 30 days from the date of the order. Doc. No. 91 (3:05-CV-1029-O) (N.D. Tex. Aug. 3, 2007).

On September 3, 2007, Plaintiff filed correspondence that the Court construed as a status report regarding settlement and a request for an extension of 60 to 90 days to finalize settlement negotiations. Doc. No. 93 (3:05-CV-1029-O) (N.D. Tex. Sept. 3, 2007). On September 12, 2007, MBNA filed a response opposing Plaintiff's motion for further continuance, and representing that it had received no communications from Plaintiff regarding resolution of the remaining claim. Doc. No. 96 (3:05-CV-1029-O) (N.D. Tex. Sept. 12, 2007). Plaintiff filed a reply and declaration averring that he required "an additional 90 days effective from the time of this filing to be able to align and complete this phase of the work I have started on this geographical scale, and that I fully expect to be prepared for settlement negotiations after that time." Doc. No. 100 (3:05-CV-1029-O) (N.D. Tex. Oct. 2, 2007). While Plaintiff's declaration stated he intended on settling this matter, his stated 90-day period expired on December 31, 2007 and no notice of settlement was provided to the Court.

On July 18, 2008, the Court *sua sponte* reviewed the record and ordered the parties to file a joint status report no later than July 31, 2008. Doc. No. 102 (3:05-CV-1029) (N.D. Tex. July 18, 2008). Plaintiff filed correspondence responding to the court's order and essentially representing that no settlement had been reached to date. Doc. No. 103 (3:05-CV-1029) (N.D.

Tex. July 30, 2008) (Ltr. at 1). Plaintiff further requested an extension of 80 to 90 days to finally resolve the matter. (Ltr. at 2). Defendant filed a status report indicating that Plaintiff had made no attempts to settle this matter with MBNA and therefore, it opposed any further continuances and requested that the Court to dismiss Plaintiff's case for want of prosecution. Doc. No. 104 (3:05-CV-1029-O) (N.D. Tex. Aug. 1, 2008).

On August 4, 2008, the Court entered a trial scheduling order setting the case for trial on September 29, 2008. Doc. No. 105 (3:05-CV-1029-O) (N.D. Tex. Aug. 4, 2008). By separate order the Court referred the case to United States Magistrate Judge Irma Carrillo Ramirez for a court-order settlement conference. Doc. No. 106 (3:05-CV-1029-O) (N.D. Tex. Aug. 4, 2008). The order required the parties to contact Magistrate Judge Ramirez's chambers no later that 5:00 p.m. on Friday, August 8, 2008 to arrange the details of the settlement conference. *Id.* To date, Plaintiff has made no contact with Magistrate Judge Ramirez. On August 11, 2008, Magistrate Judge Ramirez entered an order setting the settlement conference for 9:00 a.m. on August 28, 2008. Doc. No. 108 (3:05-CV-1029-O) (N.D. Tex. Aug. 11, 2008). This order further required the parties to (1) "confirm their attendance at least two days prior to the conference by contacting Ms. Lisa Martin at (214) 753-2167, (2) to exchange a demand and counter-offer, and (3) send a fax copy to Magistrate Judge Ramirez. (Order at 1, 2). Plaintiff was required to tender a settlement demand no later than 5:00 p.m. on Thursday, August 21, 2008. (Order at 2) Plaintiff failed to submit a demand.

On August 18, 2008, Plaintiff filed correspondence acknowledging receipt of: (1) the Court's trial scheduling order, (2) the order referring the case to Magistrate Judge Ramirez for a settlement conference, and (3) the show cause order. *See* Doc. No. 110 (3:05-CV-1029-O) (N.D. Tex. Aug. 18, 2008) (Ltr at 1 ("your order arrived at my quarters . . . with instructions that I was

to inform the court by August 21, 2008 of my proposal for settling . . . . On August 14, 2008, I see the front page of an order to show cause")).  Plaintiff further requested a stay of all proceedings until September 30, 2008.  *Id.*  The Court entered an Order denying motion to stay on August 19, 2008, and again ordered that Plaintiff was required to appear at the show cause hearing on August 21, 2008.  Doc. No. 111 (3:05-CV-1029-O) (N.D. Tex. Aug. 19, 2008).  The order again warned that failure to appear and show cause would result in dismissal without further notice or proceedings.  *Id.*  Plaintiff did not appear.  Finally, Plaintiff was required to call Magistrate Judge Ramirez's chambers no later than August 26, 2008 to confirm his attendance at the court-ordered settlement conference, and he failed to do so.

## II.  ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a district court to involuntarily dismiss a case "[f]or failure of the plaintiff to prosecute or to comply with [the] rules or any order of the court."  FED. R. CIV. P. 41(b).  Simply, a district court may dismiss plaintiff's suit with prejudice as a sanction for violating a court order or rule.  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992).  To support a dismissal with prejudice for failure to prosecute, the Fifth Circuit requires a showing of (1) a clear record of delay or contumacious conduct by plaintiff, and (2) a finding that lesser sanctions would not prompt diligent prosecution.  *Raymond v. Univ. of Houston*, 275 Fed. Appx. 448, *1 (5th Cir. Apr. 29, 2008).  The Fifth Circuit has found that a "clear record of delay" is shown by "significant periods of total inactivity."  *Berry*, 975 F.2d at 1191 n.5.

Having reviewed the record in this case, the Court finds that Plaintiff has intentionally delayed prosecution of this case.  Since April 2007, Plaintiff has made representations that he intended to settle all claims with Defendant and move to dismiss his suit.  Although Plaintiff

stated that in his requested extensions he only needed 60 or 90 days to file dismissal papers, he has failed to do so for sixteen (16) months. Moreover, the Court provided him with a cost-free opportunity to appear before the United States Magistrate Judge and mediate a settlement with Defendant. He failed to comply with the Court's orders to contact the Magistrate Judge's chambers and arrange the details of the settlement conference or even confirm his appearance two days before the scheduled settlement conference. It appears to the Court that Plaintiff is purposely evading his responsibilities in this lawsuit, and is communicating when he feels like it, and not communicating when he does not feel like it. Such conduct is totally unacceptable. The Court twice-warned Plaintiff that failure to comply with the orders and appear at the show cause hearing would result in dismissal with prejudice. Plaintiff still failed to appear. Thus, the Court finds that there are no lesser sanctions that would prompt Plaintiff to diligently prosecute this action.

## III. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's remaining claim under the Truth-in-Lending Act should be and is hereby DISMISSED with prejudice. In light of the Court's ruling dismissing all of Plaintiff's remaining claims against Defendant MBNA, this order is a final judgment.

**SO ORDERED** this 29th day of August, 2008.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**